# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNADO K. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-01317-NJR |
| TAMMI CRAIG, LORI DAMMERMANN, CASEY TERRENCE, DENNIS SCHNOEKER, JEFF DANCY, JOHN DOE, BRYAN, and SARA THOMAS, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL**, **Chief Judge:**

Plaintiff Kennado K. Taylor, an apparent pretrial detainee currently detained at Chester Mental Health Center ("Chester"), brings this action pursuant to 42 U.S.C. § 1983 claiming imminent danger of serious physical injury. According to the Complaint, Defendants are retaliating against him for filing a previous lawsuit by failing to provide for his physical safety and medical treatment for injuries. He seeks monetary damages.[1]

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

---

[1] Plaintiff has not filed a motion for a temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 or requested any type of injunctive relief.

1

dismissed. 28 U.S.C. § 1915A(b). Along with the Complaint, Taylor filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 2). Before screening the Complaint, the Court must first address Taylor's eligibility for IFP status. 28 U.S.C. § 1915(a).

## IN FORMA PAUPERIS MOTION

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Taylor has had three other cases dismissed with prejudice on the basis that his claims were barred by the doctrine of *res judicata,* and two cases dismissed for failure to state a claim. *See Taylor v. Doe, et al.,* No. 17-cv-2347 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.,* No. 17-cv-2348 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.,* No. 17-cv-2349 (N.D. Ill. dismissed June 5, 2017); *Taylor v. Doe, et al.*, No. 17-cv-5537 (N.D. Ill. dismissed September 22, 2017); *Taylor v. Doe, et al.*, No. 17-cv-6001 (N.D. Ill. dismissed September 22, 2017); *see also Walker v. Page*, 59 F. App'x 896, 900 (7th Cir. 2003) (granting the plaintiff a "strike" under the PLRA for bringing an action barred by res judicata). Thus, Taylor has accumulated five "strikes" for purposes of Section 1915(g), and he cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"[I]mminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave

to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed [as a pauper]." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Here, Taylor states that he is in imminent danger because other inmates are continually trying to fight him, and he is being beaten by staff member John Doe. He also claims that he has serious physical injuries that remain untreated. (Doc. 1, pp. 6-7). Because Taylor claims that his physical injuries are current and ongoing, his IFP Motion will be **GRANTED.** The initial partial filing fee and payment scheme will be set forth in a separate order.

The Court further notes that in the Complaint, Taylor indicates he has filed previous lawsuits in federal court, but states that he does not have copies of the dockets, and thus, he does not have the case numbers to provide a list. (Doc. 1, p. 5). He does not, however, inform the Court that he has received over three strikes under Section 1915(g) or that he has filed over fifty civil cases in various federal courts within the Seventh Circuit.[2] In a previous civil case filed this year by Taylor in this Court, he not only disclosed that he had three strikes, but the Court also informed Taylor that he has had five strikes and provided him a list of the cases. *Taylor v. Dammerann*, No. 19-cv-00497 (S.D. Ill. May 15, 2019) (Doc. 4—order dismissing IFP motion). Taylor is therefore **WARNED** that any future failure to disclose his litigation history or provide the Court with misrepresentations or fraudulent information, particularly when he seeks to proceed IFP, may

---

[2] The court documents from Plaintiff's criminal proceedings and litigation history are public records of which this Court can take judicial notice. *See Henson v. CSC Credit Servs*., 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A*., 446 F.Supp.2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

result in sanctions, including fines and immediate dismissal of the suit. *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Taylor that failure to provide litigation history would result in dismissal); *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).

## THE COMPLAINT

Taylor alleges that he has been involved in more than ten fights with other inmates, and they continue to try to fight him. He is also repeatedly being beaten by staff member John Doe. (Doc. 1, pp. 6-7). On November 26, 2019, Taylor alleges that he told staff at Chester that his life was in danger, but they refused to protect him. He also has a broken hand that remains untreated, causing him excruciating pain. Taylor claims that Defendants are not providing him protection for his safety and medical treatment in retaliation for filing a previous lawsuit. (*Id.* at p. 7).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the claims in this case into the following Counts:

**Count 1:** Eighth Amendment claim of excessive force against John Doe for repeatedly beating Taylor.

**Count 2:** Eighth Amendment claim of failure to protect against Craig, Dammermann, Terrence, Schnoeker, Dancy, Bryan, Thomas, and John Doe for failure to protect Taylor from other inmates.

**Count 3:** Eighth Amendment claim of failure to protect against Craig, Dammermann, Terrence, Schnoeker, Dancy, Bryan, and Thomas for failure to protect Taylor from fellow staff member John Doe.

**Count 4:** Eighth Amendment claim of deliberate indifference to a serious medical need against Craig, Dammermann, Terrence, Schnoeker, Dancy, Bryan, Thomas, and John Doe for failing to provide treatment for Taylor's broken hand.

**Count 5:** First Amendment claim of retaliation against Craig, Dammermann, Terrence, Schnoeker, Dancy, Bryan, Thomas, and John Doe for failing to provide protection and medical care because Taylor filed a lawsuit.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

### Counts 1-4

Because it appears that Taylor is a pretrial detainee, rather than a convicted prisoner, his claims are governed by the objective unreasonableness standard of the Fourteenth Amendment. *See Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015); *Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019)(quoting *Miranda v. Cty. Lake*, 900 F.3d 335, 351 (7th Cir. 2018)). As pretrial detainees cannot be punished at all, Counts 1 through 4 survive screening. *See Miranda*, 900 F.3d at 350 (citations omitted).

### Count 5

To state a claim for retaliation under the First Amendment, a plaintiff must allege that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012).

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Court finds that Taylor has stated a First Amendment claim against Defendants for retaliating against him for filing a lawsuit by failing to protect his safety and provide him medical care. *See Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996); *Babcock v. White,* 102 F. 35 267, 275-76 (7th Cir. 1996). Count 5 will proceed.

### OFFICIAL CAPACITY CLAIMS

Taylor states that he is suing Defendants in their individual and official capacities (Doc. 1, p. 1), but does not request any kind of injunctive relief. State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)*; Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Because Taylor only seeks monetary damages, the official capacity claims directed against these individuals will be dismissed with prejudice.

### IDENTIFICATION OF UNKNOWN DEFENDANT

Taylor will be allowed to proceed with Counts 1, 2, 4, and 5 against John Doe. This defendant must be identified with particularity, however, before service of the Complaint can be made on him or her. Taylor will have the opportunity to engage in limited discovery to ascertain this defendant's identify. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, the current director at Chester will be added to the docket in his or her official capacity only and shall be responsible for responding to discovery aimed at identifying this unknown defendant. Once the name of the individual is discovered, Taylor shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

**DISPOSITION**

Taylor's Motion to Proceed *in Forma Pauperis* (Doc. 2) is **GRANTED**. The initial partial filing fee and payment scheme will be set forth in a separate order.

For the reasons set forth above, the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against **John Doe**. **COUNTS 2, 4,** and **5** shall proceed against **Craig, Dammermann, Terrence, Schnoeker, Dancy, Bryan, Thomas,** and **John Doe**. **COUNT 3** shall proceed against **Craig, Dammermann, Terrence, Schnoeker, Dancy, Bryan,** and **Thomas**.

The Clerk of Court is **DIRECTED** to add the **Director of Chester Mental Health Center** in his or her official capacity as a defendant for the purpose of responding to discovery aimed at identifying the unknown defendant and to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for **Craig, Dammermann, Terrence, Schnoeker, Dancy, Bryan, Thomas,** and the **Director of Chester Mental Health Center** (official capacity only ): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Taylor. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure

If a Defendant can no longer be found at the work address provided by Taylor, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendant, **John Doe**, until such time as Taylor has identified him or her by name in a properly filed motion for substitution. Taylor is **ADVISED** that it is Taylor's responsibility to provide the Court with the names and service address for this individual.

With the exception of the **Director of Chester Mental Health Center**, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

The **Director of Chester Mental Health Center** is **ORDERED** to timely enter his appearance. The **Director**, however, <u>does not need to file an Answer or other responsive pleading</u>. Once the **Director** enters his or her appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendant. The **Director** will be responsible for responding to discovery requests aimed at identifying the unknown defendants propounded in accord with this discovery order.

If judgment is rendered against Taylor, and the judgment includes the payment of costs under Section 1915, Taylor will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(f)(2)(A).

Taylor is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance him. Local Rule 3.1(c)(1).

Finally, Taylor is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 9, 2019**

　　　　　　　　　　　　　　　　　　　　　　　　*s/Nance J. Rosenstengel*
　　　　　　　　　　　　　　　　　　　　　　　　**NANCY J. ROSENSTENGEL**
　　　　　　　　　　　　　　　　　　　　　　　　**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**