IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNADO K. TAYLOR, #M25370, | |
| Plaintiff, | |
| v. | Case No. 19-cv-01317-NJR |
| TAMMI CRAIG, *et al.*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is a motion filed by Plaintiff Kennado Taylor asking the Court to deny any motion for summary judgment regarding failure to exhaust administrative remedies filed by Defendants (Doc. 55) and Defendants' motion for extension of time (Doc. 57).

Taylor commenced this action while a pretrial detainee detained at Chester Mental Health Center ("Chester") pursuant to 42 U.S.C. § 1983 for constitutional violations. On June 11, 2020, the Court entered an initial scheduling order noting that whether Taylor had exhausted his available administrative remedies before filing the lawsuit, as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), was at issue. Defendants were given until August 10, 2020, to file a motion for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 54). In response, Taylor filed his motion asking the Court to deny any motion for summary judgment filed by Defendants regarding exhaustion. (Doc. 55). He argues that Chester is not a correctional center

affiliated with the Illinois Department of Corrections, but is a hospital managed by the Illinois Department of Human Services. Because Chester is not a prison or jail, Taylor states he was not required to exhaust administrative remedies pursuant to the PLRA prior to initiating this lawsuit. He also argues that Chester does not have a grievance system and that whenever he filled out a complaint form, he would not receive a response.

Although Taylor was in custody at a mental health facility, the exhaustion requirements of the PLRA still apply to this lawsuit. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, *or other correctional facility* until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The term "prisoner" is defined by statute as "any person incarcerated or detained *in any facility* who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id*. § 1997e(h) (emphasis added). Accordingly, Taylor was a prisoner that was confined in a correctional facility at all times relevant to this lawsuit, and he was subject to the exhaustion requirement of the PLRA. *See, e.g., Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (pre-trial detainee whose felony charge was held in abeyance during his treatment for mental illness under Illinois Sexually Dangerous Persons Act, was "prisoner" subject to exhaustion requirement and three-strikes provision of the PLRA). For these reasons, the motion is **DENIED.**

As to Taylor's argument the Chester does not have an administrative scheme for handling complaints, that is an argument he may raise in a response to any motion for

summary judgment on exhaustion that is filed by Defendants. Taylor is advised that he is only required to exhaust *available* remedies. *See Ross v. Blake,* 136 S. Ct. 1850, 1858. (2016) (an inmate "must exhaust available remedies, but need not exhaust unavailable ones.").

Finally, the Court **GRANTS** Defendants' motion for extension of time. (Doc. 57). Defendants shall have until **September 25, 2020**, to produce to Taylor initial disclosures (*see* Doc. 54), and dispositive motions regarding the issue of exhaustion are due by **October 9, 2020**.

**IT IS SO ORDERED.**

**DATED:   July 28, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**