IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNADO K. TAYLOR, #M25370, **Plaintiff,** v. TAMMI CRAIG, *et al.,* **Defendants.** | Case No. 19-cv-01317-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Extension of Time (Doc. 69) and the Motion to Substitute and Specify John Doe Defendants (Doc. 70) filed by *pro se* Plaintiff Kennado Taylor. For the following reasons, both motions will be denied.

### BACKGROUND

On June 11, 2020, the Court entered an initial scheduling order directing Taylor to produce to Defendants any information he possessed which would help identify the John Doe Defendant, including physical description, specific job assignments, partial names, nicknames, and locations and dates of where he interacted with the John Doe. (Doc. 54, p. 3). Taylor was given until August 10, 2020, to file a motion to substitute a specific Defendant for the John Doe or, if the John Doe remained unidentified, to file a motion specifying additional steps that can be taken to identify the John Doe. (Doc. 54, p. 3). Taylor was warned that failure to file a motion by this date would result in the dismissal of the John Doe without prejudice. On August 5, 2020, Taylor filed a Motion for Extension

of Time (Doc. 59) requesting additional time to identify the "John Doe Defendants." He claimed that Defendants had not responded to initial discovery or produced information relating to his allegations against the John Doe Defendants. The Court granted the motion in part and gave Taylor until September 24, 2020, to identify and substitute the John Doe Defendant. He was reminded that Count 1 is proceeding against a single John Doe Defendant for repeatedly beating him. Furthermore, Defendants were instructed to file a notice informing the Court that they had provided Taylor the identity of the John Doe or documents or information which may assist in the identification of the John Doe.

On September 10, 2020, Defendants notified that Court that Taylor has not provided any identifying information regarding the John Doe remaining in this case. (Doc. 68). Taylor had sent Defendants a document titled "Plaintiff Request Initial Scheduling and Discovery Order," which included discovery requests relating to the merits of the case and exhaustion of administrative remedies, and the identities of several John/Jane Doe individuals. Defendants informed Taylor that they would not be responding to the discovery requests relating to the merits of the case because the Court has stayed merits based discovery and initial disclosures would be coming in accordance with the current deadlines. Defendants also requested that Taylor provide information regarding the identity of the John Doe Defendant. (*See* Doc. 68-1, p. 1).

## MOTION FOR EXTENSION OF TIME AND MOTION TO SUBSTITUTE

In the motions currently before the Court (Docs. 69, 70), Taylor asks for an additional sixty days to identify the "John Doe Defendants." He again claims that Defendants have not provided initial disclosures in accordance with the Initial Discovery

Order. He states that he goes home soon and will then have access to his personal property, which contains information to help identify the John Doe Defendants. Taylor states that he has taken steps to identify the John Doe Defendant, but Defendants have not sent him anything. As proof of his efforts, he has attached to both motions a copy of the document sent to Defendants. For the following reasons, Taylor's motions are denied and the John Doe Defendant will be dismissed without prejudice.

Taylor has already been given one extension to identify the John Doe Defendant, and during this time, it does not appear that Taylor has made any effort to provide Defendants with information which would help identify the John Doe, who he claims repeatedly beat him while at Chester Mental Health ("Chester"). The document sent to Defendants by Taylor does not provide information regarding John Doe's identity or specify additional steps that could be taken to identify the John Doe. Rather, Taylor asks Defendants to identify the unknown staff member who was at his door when he was restrained and beaten by John Doe, and the identity of the unknown staff member who restrained him, along with the identity of anyone else in the room at the time he was restrained. He does not provide any details about the alleged encounters with John Doe, such as a date, a time, or John Doe's physical description, as ordered by the Court. Additionally, the Court does not find that his inability to access certain documents prevents him from providing this descriptive information requested. As Taylor has made no attempt to identify the John Doe Defendant, Taylor will not be granted additional time and the John Doe Defendant is dismissed without prejudice.

Finally, the Court notes that Taylor has repeatedly claimed that Defendants have

not produced initial disclosures. (*See* Docs. 59, 60, 67, 69, 70). On July 28, 2020, the Court granted Defendants' request for an extension and the deadline for initial disclosures was set for September 25, 2020. (Doc. 58). Although Taylor's allegations were made prior to this deadline, the Court directs Defendants to file a notice with the Court by **October 15, 2020,** confirming they have produced initial disclosures to Taylor and responded to his discovery requests relating to the issue of exhaustion.

## DISPOSITION

For the reasons stated above, the Court denies the Motion for Extension of Time (Doc. 69) and the Motion to Substitute (Doc. 70). The John Doe Defendant is **DISMISSED** without prejudice. The Clerk of the Court is **DIRECTED** to **TERMINATE** John Doe from the docket.

Defendants are **DIRECTED** to file a notice with the Court by **October 15, 2020,** confirming they have produced initial disclosures to Taylor and responded to his discovery requests relating to the issue of exhaustion.

**IT IS SO ORDERED.**

DATED:   October 1, 2020

                                                                       **NANCY J. ROSENSTENGEL**
                                                                       **Chief U.S. District Judge**